"Plaintiffs Fifth Amendment claim in this case for 'taking’ of plaintiffs properties without just compensation *494 is based on allegations that plaintiff was excluded from world markets by activities of the Central Intelligence Agency (CIA) and its proprietary corporations. Defendant has moved for summary judgment and the case has been submitted to the court on the briefs and oral argument of counsel.
"Plaintiff opposes defendant’s motion for summary judgment on the grounds that there are disputed material factual issues to be decided prior to any determination that defendant is entitled to summary judgment. Plaintiffs petition filed in this cause is a tentative petition pending discovery and plaintiff claims that due to the nature of this case involving CIA activities, until plaintiff has obtained discovery in order to amend its petition pending discovery, it is unable to present by affidavit facts essential to justify its opposition to defendant’s motion for summary judgment. The issues raised by that motion, moreover, when limitations began to run and whether the action lies in tort, seem so inextricably mixed with merits that adjudication at this time is not possible.
"Plaintiff filed, at the time this action was filed in this court, two other actions based on similar and related allegations in the United States District Court for the Eastern District of Virginia (Alexandria Division) and the United States District Court for the District of Columbia. The Alexandria Division suit is a tort action under the Federal Tort Claims Act (FTCA), 28 U.S.C. sec. 1346(b), 2671 et seq. and the District of Columbia suit is in the nature of an antitrust claim.
"An examination of the petitions in all three actions shows that they are all based on complex factual backgrounds. Plaintiff should be allowed discovery to develop facts to amend its tentative petition if necessary. It would, however, be a waste of judicial resources for discovery efforts to go forward in all three suits at the same time because, doubtless, discovery in one case will be useful to some extent in the others. We therefore think it appropriate to instruct our trial judge to suspend proceedings until discovery is completed in the two district court cases. We presume the district courts will consolidate discovery in their cases. In any event, if further discovery is required for our case, it can be entertained when the results of discovery in the other cases become known.
*495 "it is therefore ordered that defendant’s motion for summary judgment be and the same is denied without prejudice and the case in this court is returned to the trial division for further appropriate action as indicated above.”